UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALVIA GONZALEZ, on behalf of T. H., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 3:13-cv-979 <br><br><br><br><br> FEBRUARY 10, 2015 |

## RULING ON RECOMMENDED RULING OF MAGISTRATE JUDGE

**HAIGHT**, Senior District Judge:

In this action under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("SSA"), plaintiff Malvia Gonzalez sued on behalf of T.H., her minor son, to obtain review of a final decision by the defendant Commissioner of Social Security denying T.H. Supplemental Security Income ("SSI").

Cross- motions by plaintiff to reverse the Commissioner's decision and by defendant to affirm it were referred by this Court to Magistrate Judge Joan G. Margolis for recommended disposition. 28 U.S.C. § 636(b)(1)(B). Judge Margolis filed a Recommended Ruling [Doc. 19] ("RR") which, if adopted by the Court, will grant plaintiff's motion, deny defendant's motion, and remand the case to the Commissioner for the calculation of benefits.

The Commissioner filed a timely objection [Doc. 20] to the RR, to which counsel for plaintiff have responded [Doc. 21]. Having made the *de novo* determination required by statute, 28 U.S.C.

1

§ 636((b)(1), of that portion of the RR to which the Commissioner objects, the Court accepts the RR and enters judgment as the Magistrate Judge recommended.

# I

Familiarity with Judge Margolis's detailed 37-page RR is assumed. For present purposes it is sufficient to state that she recommended a remand to the Commissioner for calculation of benefits because the administrative record established T.H.'s disability as defined by the SSA and its accompanying Regulations.

Specifically, T.H. is entitled to SSI benefits if he suffers from a "marked" impairment or limitation in any two of the six "functional domains" identified by the Regulations and evaluated by the Agency in its consideration of whether an individual is "disabled" under the statutory scheme. The functional domains the SSA evaluates are: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being. 20 C.F.R. § 416.926a(b)(1). After a hearing, an SSA Administrative Law Judge ("ALJ") found a marked limitation on the part of T.H. in the second of these six domains: Attending and completing tasks. He rejected plaintiff's claims of marked limitations in the other five domains, and concluded that T.H. was not "disabled" because that status required a showing of marked limitations in at least two domains.

Judge Margolis carefully considered a voluminous administrative record. She concluded that the evidence of record did not support the ALJ's determination that T.H. had a *less* than marked impairment in the third domain: Interacting and relating with others. On this point, the RR states:

> Substantial evidence of record does not support the ALJ's conclusion

> that T.H. has a less than marked impairment in the domain of interacting with others, but rather, plaintiff is correct that the evidence of record supports a finding of a "marked" limitation in T.H.'s ability to interact or relate with others, that is, his speech impairment "interferes seriously with [his] ability to independently initiate, sustain, or complete activities." (citing and quoting 20 C.F.R. § 416.926a(e)(2)).

Doc. 19 at 31.  At that point in the text, the Magistrate Judge drops footnote 11:

> A finding of a marked limitation in the domain of interacting and relating with others therefore results in a finding of disability, in light of the ALJ having found a marked limitation in the domain of attending and completing tasks.  However, in the interest of completeness, the Court will address the remaining arguments.

That finding of disability by Judge Margolis resulted in her recommendation that the case be remanded to the Commissioner for calculation of the SSI benefits owing to T.H.

To that recommendation, the Commissioner interposes a carefully crafted objection.  The objection, Doc. 20 at 2, begins with the accurate observation that the RR "concludes that the evidence supports a finding of marked limitations in the domain of interacting or relating with others, and remands this case for payment of benefits on that basis."  "In doing so," the Commissioner contends, "the R&R overstepped its authority and improperly weighed the evidence of record, which is a task reserved to the Commissioner."  *Id.*[1]  The Commissioner elaborates upon this objection as follows:

> While, for purposes of this objection, the Commissioner concedes that the ALJ did not adequately consider all the evidence in the record related to T.H.'s communication issues, the R&R exceeded its authority when it decided to weigh this evidence an[d] find that it supported a finding of "marked" limitations in T.H.'s ability to interact and relate to others. . . . The R&R may very well find that this evidence is insufficient to support the ALJ's decision under the

---

[1] This an impersonal way of saying that Judge Margolis overstepped *her* authority.

    circumstances of this case,[2] and remand the case for further development.  The R&R may not, however, weigh the evidence favoring the ALJ's finding against other contrary evidence and conclude that overall record results in a specific degree of restriction, as it did here.

*Id*. at 2-3.

## II

  This argument has a surface appeal, but it does not withstand analysis.  It is not uncommon for district courts to remand benefit cases to the SSA with instructions for future proceedings.  The form those future proceedings will take depends upon the circumstances of each case.  Sometimes the district court instructs the agency on remand to further develop the administrative record.  Sometimes the court remands the case with instructions to the Commissioner to calculate and pay the benefits in question.  The Magistrate Judge recommends the latter course in the case at bar.  The Commissioner says that the former course is the only proper one.

  The Second Circuit has furnished guidance on this question.  In *Parker v. Harris*, 626 F.2d 225 (2d Cir. 1980), the Secretary of Health, Education and Welfare determined that a claimant was not entitled to disability benefits.  An ALJ, purporting to rely "primarily on medical evidence," concluded that claimant was not disabled because he could "perform a past job as flagman, or, if not that, then jobs such as also sedentary custodial, security or similar existent employment." 626 F.2d at 230.  The district court affirmed the agency's determination.  The Second Circuit, reversing the district court, held that "viewing the record as a whole," the ALJ's determination that the claimant "was able to perform substantial gainful work in the economy was not supported by any, much less by substantial, evidence." *Id*. at 235.  In those circumstances, the court of appeals remanded the case

---

[2] In pont of fact, that is precisely what the Magistrate Judge *did* find.

to the Secretary "for calculation and payment of benefits."  *Id*.

The Second Circuit's explanation of its instruction on remand in *Parker* resonates in the case at bar.  "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," Judge Kearse wrote, "we have, on numerous occasions, remanded to the Secretary for further development of the evidence."  626 F.2d at 235 (citing cases):

> On the other hand, we have reversed and ordered that benefits be paid when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose. *See, e.g., Gold v. Secretary of HEW, supra,* 463 F.2d at 44.

*Id*.

In *Gold*, cited by *Parker*, the Second Circuit reversed a district court order which upheld the Secretary's denial of a claim for disability benefits, and remanded the case with instructions to pay the benefits.  Judge Smith began the court of appeals' opinion by saying:

> The sole issue for this court is whether the decision of the Secretary is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g).  We conclude that his decision is not so sustained and order it reversed and the case remanded for calculation of a period of disability and award of benefits to Mrs. Gold.

463 F.2d at 40.  The opinion ends with this instructive discussion:

> [W]ere there serious uncertainties or gaps in the record, we would remand to the Secretary for the taking of more evidence. Letters from appellant's physicians, supportive of her claim but received after the administrative decision, could be introduced and the doctors called to testify.  But as we feel that the bulk of their testimony would only be amplification of the facts already in the record, and as we find in the record persuasive proof that Mrs. Gold suffered from chronic degenerative diseases of the lungs, exacerbated by numerous other medical problems, such that she could not work on or prior to the expiration of her insured status, we see no need to reopen the case for more evidence.  The order of the district court is reversed and the case remanded to the Secretary for establishment of a period of disability

and payment of benefits to Mrs. Gold.

*Id*. at 44.

*Parker* and *Gold* illustrate the rule in this Circuit that where, on the administrative record as a whole, an agency's denial of benefits is not supported by substantial evidence but there is persuasive proof of disability, and further evidentiary proceedings would serve no purpose, a reviewing court is authorized by the statutory scheme to remand the case to the agency with instructions to calculate and pay the benefits owing to a claimant. The Magistrate Judge's recommendation in this case is consistent with that rule.

The issue in the case turns upon whether T.H.'s speech impairment was sufficiently serious to create a marked limitation in the area delineated by the third domain. Having considered the question *de novo*, I agree with Judge Margolis that substantial evidence does not support the ALJ's conclusion that T.H. has a less than marked impairment, but does support the correlative conclusion that T.H.'s limitation was marked — in my view, that latter conclusion is compelled by the record evidence, not just supported by it.

The administrative record is replete with evidence of T.H.'s impaired speech and difficulties in communicating with others, leading to a marked limitation in the domain in question. One forms the impression that plaintiff Malvia Gonzalez fights with determination and inexhaustible energy to ensure that T.H. realizes his full potential. That is what devoted parents do for troubled children. It takes 31 pages of Judge Margolis's RR to describe the tests, observations, diagnoses, reports, evaluations and medications of T.H., administered or conducted by a treating physician (Dr. Richard Sadler, a psychiatrist) and a host of hospital counselors, school teachers, psychologists and principals, pupil service evaluators, speech-language consultants – the sort of professionals who try

to help in a case like this one. It is difficult to imagine that there is anyone alive in a position to render a professional opinion about T.H.'s condition and prospects whose views are not already reflected in the administrative record. It is equally difficult to discern a need to reopen this case for the taking of additional evidence.

The Commissioner says in her objection at 2-3 that "as the R&R acknowledges, there is other evidence in the record supporting a finding of 'less than marked' restrictions," which presumably the Commissioner believes the ALJ should be allowed to consider on a remand "for further development." What Judge Margolis actually said on that subject is this:

> Moreover, after treating T.H. for nearly two years, in January 2012, Dr. Sadler noted that plaintiff has impaired social skills, and a marked impairment in the domain of interacting and relating to others. Unlike the opinions of the state agency reviewing physicians, Kirk Johnson, PsyD and Pamela Fadakar, PsyD, who concluded that T.H. has a "[l]ess [t]han [m]arked" limitation in interacting and relating with others, the opinions of Dr. Sadler, and the school principal, teachers, and experts are all consistent. Accordingly, the ALJ erred in assigning little weight to Dr. Sadler's opinion, and in failing to consider the evidence of record, particularly from the school experts, when assessing the severity of T.H.'s speech issues, and when assessing this domain.

Doc. 19 at 30-31 (citations to record omitted). In giving greater weight to the opinion of a treating physician, Judge Margolis acted in compliance with the treating physician rule, so well established that it does not require the citation of authority. Remanding the case to the ALJ for further proceedings would perhaps enable the ALJ to make the same mistake again, but that is not a useful undertaking.

The decisive consideration in this case is that, viewing the record as a whole, the decision of the ALJ and the Commissioner that T.H.'s impairment with respect to the third domain was *less*

*than marked* is not supported by substantial evidence. That is the recommendation of the Magistrate Judge, which this Court accepts. In consequence, a reviewing court must find that T.H. is disabled. No one suggests — not the ALJ, nor the Commissioner, nor government counsel — that T.H. did not have a speech impairment. The question is one of degree of severity. If a finding of *less* than "marked" is not supported by substantial evidence — and it is not — then it follows, as the night the day, that T.H.'s impairment *is* marked. That is a matter of common sense, logic, and plain English usage. The consequence of that finding is that T.H. is disabled and entitled to benefits, since the record establishes marked impairments in two of the six domains, which is all the statute requires. That last step in the analysis is no more demanding than adding one and one and perceiving that the total is two.

Remanding T.H.'s case to the Commissioner with instructions to calculate and pay benefits is in accord with the Second Circuit's holdings in *Parker* and *Gold*. The opinion in *Gold* distills two separate but related principles of law: Where an agency rejects a disability claim, a reviewing court should remand the case with an instruction to pay the claim if (1) the agency's decision that the claimant was not disabled is not "supported by substantial evidence on the record as a whole," 463 F.2d at 40, and (2) "we find in the record persuasive proof" that the claimant was disabled, *id*. at 44. Following *de novo* consideration of the administrative record in this case, I conclude that the plaintiff makes both showings. The ALJ's decision that T.H.'s speech and communication limitation is less than marked is not supported by substantial evidence; and there is persuasive proof that T.H.'s limitation is of that degree of severity. It follows that T.H. suffers from marked limitations in two of the six domains identified by the Regulations. He is disabled as a matter of law. The Magistrate Judge's Recommended Ruling is correct. This Court accepts it.

## III

For the foregoing reasons, the Court makes this Judgment and Order:

1. The Recommended Ruling of Magistrate Judge Margolis, Doc. 19, is ACCEPTED by the Court.

2. The Objection by the defendant Acting Commissioner of Social Security to that Recommended Ruling is OVERRULED.

3. This case is REMANDED to the Commissioner with instructions to CALCULATE AND PAY Supplemental Security Income to plaintiff T.H., in the care of plaintiff Malvia Gonzalez.

4. The Clerk is directed to close the file.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        February 10, 2015

                                              */s/  Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge